EAG:RTP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE
RELEASE OF HISTORICAL
CELL-SITE INFORMATION

**14 MISC 1472**

SEALED APPLICATION

------------------------------X

RENA PAUL, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T and Verizon (the "service providers") disclose recorded information identifying the base station towers and sectors that received transmissions from (678) 554-6192 (AT&T), (240) 998-4515 (Verizon) and 252-514-8409 (Verizon), telephones used by Henry Kanagbou, (identified herein as "SUBJECT TELEPHONE 1," "SUBJECT TELEPHONE 2," and "SUBJECT TELEPHONE 3," respectively, collectively the "SUBJECT TELEPHONES"), at the beginning and end of calls or text message transmissions, the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, and billing and credit information for the SUBJECT TELEPHONES, for the period from July 1, 2013 through October 4, 2013 (collectively, "the HISOTRICAL CELL-SITE INFORMATION").

In support of this application I state the following

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-

authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with an agent of the Department of Homeland Security, Homeland Security Investigations (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into violations of federal criminal laws committed by Henry Kanagbou ("KANAGBOU"), including conspiracy to import narcotics, in violation of 21 U.S.C. § 963. As detailed below, KANAGBOU, along with another person, has been indicted for conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963, conspiracy to possess cocaine with intent to distribute it, in violation of Title 21, United States Code, Section 846 and attempted possession of cocaine with intent to distribute it, in violation of Title 21, United States Code, Section 846, and is believed to have been using the SUBJECT TELEPHONES during the drug conspiracy.

4. Based upon discussions with a detective of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

5. On October 1, 2013, an individual now cooperating with the government ("CW") arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard JetBlue Airlines flight number 560 from Kingston, Jamaica. CW was selected for a Customs and Border Protection ("CBP") examination. During the examination, CW admitted, in sum and substance and in part, to ingesting 126 pellets of cocaine. An x-ray was taken of CW's intestinal tract, and the x-ray read positive for foreign bodies. CW passed 126 pellets, one of which field-tested positive for the presence of cocaine, with a total gross weight of approximately 1.5 kilograms.

6. CW agreed to cooperate with agents and was interviewed. The following is a summary of his statements, outlined for purposes of this application in sum and substance and in part. Beginning in July 2013, CW made multiple drug trips from Jamaica to the United States and was paid between $1,000 and $6,000 for each trip. During some of those trips, once CW arrived to the United States, CW contacted a person named "Dennis" in Jamaica for further instructions. Each time, "Dennis" instructed CW to give the drug-filled pellets CW had been carrying to one or both of two individuals (identified herein as "John Doe 1" and "John Doe 2").[1] On the first trip, CW met John Doe 1 and John Doe 2 in a hotel and gave them narcotics that CW had carried into the United States. On the rest of the trips, CW met John Doe 1 at a mall in Valley Stream, New York (the "Valley Stream mall"). John Doe 1 arrived at each of those meetings in a car. John Doe 2 was present for at least one of the meetings.

7. After his arrest, CW agreed to place consensually monitored telephone calls and texts to "Dennis," John Doe 1 and John Doe 2. During the telephone calls, CW spoke with Dennis, John Doe 1 and John Doe 2 about plans to meet for transfer of the smuggled

---

[1] CW did not know the names of John Doe 1 and John Doe 2. John Doe 1 was later determined to be KANAGBOU.

narcotics. CW told "Dennis" that he anticipated passing all of the pellets by October 3, 2013 and arranged to deliver them at approximately 12:00 p.m. on October 3, 2013. During the calls, John Doe 2 informed CW that John Doe 1's number had changed from SUBJECT TELEPHONE 3 to SUBJECT TELEPHONE 1. Thereafter, CW spoke with John Doe 1 on SUBJECT TELEPHONE 1.

8. On October 3, 2013, at approximately 12:11 p.m., CW spoke with John Doe 1 on SUBJECT TELEPHONE 1. John Doe 1 stated, in sum and substance, that he was driving a white Nissan and was approximately 45 minutes away from the mall. At approximately 1:05 p.m., CW spoke with John Doe 1 on SUBJECT TELEPHONE 1. John Doe 1 stated, in sum and substance, that he had arrived at the mall. CW said he would arrive in a few minutes, and confirmed that they would meet at the "same place" that they had previously met.

9. At approximately 1:00 p.m., agents conducting surveillance at the Valley Stream mall observed a white Nissan with Maryland license plate number 5AZ4638 enter the parking lot and drive to the agreed-upon meeting location. KANAGBOU and Harold Bowens were in the car. CW recognized KANAGBOU as John Doe 1; CW did not recognize Bowens. Bowens got out of the car and entered the mall; KANAGBOU remained in the car. At approximately 1:30 p.m., CW drove to the parking lot in a taxi driven by an agent. CW got out of the taxi, carried a T-Mobile shopping bag containing sham cocaine pellets to the white Nissan and got inside. CW put the T-Mobile bag in the back seat of the Nissan and spoke with KANAGBOU. Several minutes later, CW exited the Nissan carrying a different shopping bag and returned to the taxi.

10. At approximately 1:50 p.m., Bowens exited the mall and returned to the Nissan. Agents approached the car and ordered KANAGBOU and Bowens out of the car.

Agents asked who owned the car, and Bowens confirmed that he did. KANAGBOU and Bowens were arrested. The T-Mobile shopping bag containing the sham cocaine was recovered from the back seat of the Nissan. SUBJECT TELEPHONE 1 and SUBJECT TELEPHONE 2 were recovered from KANAGBOU. Following his arrest and after waiving his Miranda rights, KANAGBOU stated to agents, in sum and substance and in part, that he used SUBJECT TELEPHONE 1 for his drug business.

11. On November 27, 2013, a grand jury sitting in the Eastern District of New York returned an indictment charging KANAGBOU and Bowens with conspiracy to import cocaine, in violation of Title 21, United States Code, Section 963, conspiracy to possess cocaine with intent to distribute it, in violation of Title 21, United States Code, Section 846 and attempted possession of cocaine with intent to distribute it, in violation of Title 21, United States Code, Section 846.

12. Based upon the above proffer, the government requests that the Court issue Orders that provide, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2013 through October 4, 2013. The government requests this information to determine the activity of the SUBJECT TELEPHONES during the time period outlined by the CW as the duration of the drug conspiracy with KANAGBOU in order to, inter alia, corroborate the CW's account of his meetings with KANAGBOU. The trial against KANAGBOU is set to proceed on November 17, 2014; however, investigation into other members of the drug conspiracy continues. John Doe 2 has not been apprehended.

13. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to

disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person. Any such disclosure could cause the target to flee from prosecution; result in the destruction of or tampering with evidence; and/or seriously jeopardize the investigation.

14. No prior request for the relief has been made. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
       November 3, 2014

                                            _____
                                            Rena Paul
                                            Assistant United States Attorney
                                            (718) 254-7575

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE
RELEASE OF HISTORICAL
CELL-SITE INFORMATION

------------------------------X

**14 MISC 1472**

SEALED ORDER
OF AUTHORIZATION

      This matter having come before the Court pursuant to an application by Assistant United States Attorney Rena Paul, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T the ("service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (678) 554-6192, a telephone used by Henry Kanagbou, (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, and billing and credit information for the SUBJECT TELEPHONE, for the period from July 1, 2013 through October 4, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION");

      UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

      Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL

CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to import cocaine, in violation of 21 U.S.C. § 963, being conducted by the Department of Homeland Security, Homeland Security Investigations (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2013 through October 4, 2013;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
November 3, 2014

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE
RELEASE OF HISTORICAL
CELL-SITE INFORMATION

**14 MISC 1472**

SEALED ORDER TO
<u>SERVICE PROVIDER</u>

------------------------------X

      WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (678) 554-6192, a telephone used by Henry Kanagbou, (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions and billing and credit information for the SUBJECT TELEPHONE, for the period from July 1, 2013 through October 4, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION")

      NOW THEREFORE, IT IS HEREBY:

      ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2013 through October 4, 2013;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, Department of Homeland Security, Homeland Security Investigations, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:   Brooklyn, New York
         November 3, 2014

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE
RELEASE OF HISTORICAL
CELL-SITE INFORMATION

14 MC 1472

SEALED ORDER
OF AUTHORIZATION

------------------------------X

This matter having come before the Court pursuant to an application by Assistant United States Attorney Rena Paul, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days Verizon the ("service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (240) 998-4515 and (252) 514-8409, telephones used by Henry Kanagbou, (the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, and billing and credit information for the SUBJECT TELEPHONES, for the period from July 1, 2013 through October 4, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to import cocaine, in violation of 21 U.S.C. § 963,, being conducted by the Department of Homeland Security, Homeland Security Investigations (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2013 through October 4, 2013;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:    Brooklyn, New York
          November 3, 2014

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

IN THE MATTER OF AN
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE
RELEASE OF HISTORICAL
CELL-SITE INFORMATION

**14 MISC 1472**

SEALED ORDER TO
SERVICE PROVIDER

------------------------------X

      WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (240) 998-4515 and (252) 514-8409, a telephone used by Henry Kanagbou, (the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions and billing and credit information for the SUBJECT TELEPHONES, for the period from July 1, 2013 through October 4, 2013 (collectively, "the HISTORICAL CELL-SITE INFORMATION")

      NOW THEREFORE, IT IS HEREBY:

      ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from July 1, 2013 through October 4, 2013;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, Department of Homeland Security, Homeland Security Investigations, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person.

Dated:   Brooklyn, New York
         November 3, 2014

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK